# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| EDDIE LENEAR,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF MINNESOTA, MCLEOD COUNTY, "OFFICER GRACK," JESSICA J.W. MAHER, ZACHARY LYNGAAS, RYAN HANTCH, and LAUREN JOHNSON,<br><br>Defendants. | Case No. 23-CV-1477 (PJS/DJF)<br><br><br><br>**ORDER** |

Eddie Lenear, *pro se*.

This matter is before the Court on plaintiff Eddie Lenear's (1) Complaint [ECF No. 1]; (2) filing titled "Motion to Dismiss (Rule to Show Cause)" [ECF No. 4] ("Motion to Dismiss"); and (3) Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 5] ("IFP Application"). For the following reasons, the Court dismisses this action as duplicative and denies the Motion to Dismiss and the IFP Application as moot.

Early last month, Lenear filed a complaint in this District that raised numerous challenges to his ongoing state prosecution in *State v. Lenear*, Case No. 43-CR-22-134 (Minn. Dist. Ct.). *See* Compl. 5–10, *Lenear v. Minnesota*, No. 23-CV-0831 (ECT/JFD) (D.

Minn. Apr. 3, 2023), ECF No. 1 ("Complaint in Case No. 23-CV-0831").[1] In that state case—set for trial on July 23, 2023—Lenear faces one count of possessing a firearm after a crime-of-violence conviction (in violation of Minn. Stat. § 624.713, subd. 1(2)) and one count of driving with a revoked license (in violation of Minn. Stat. § 171.24, subd. 2). *See* Register of Action, *State v. Lenear*, Case No. 43-CR-22-134 (Minn. Dist. Ct.).[2]

Lenear's earlier federal action, presently before U.S. District Judge Eric C. Tostrud, names as defendants various individuals and entities involved in Lenear's state case and contends that his prosecution is unlawful. *See, e.g.*, Compl. in Case No. 23-CV-0831 at 6–10. Apparently unsatisfied with that action's progress, Lenear filed six more lawsuits—including this one—on May 19, 2023. All six are broadly similar to each other and to Case No. 23-CV-0831—more on that below—but for present purposes, the Court's primary concern is that this action and Case No. 23-CV-0831 are substantive clones. The two actions share many of the same defendants, and Lenear describes his legal theories in both cases almost identically. *Compare* Compl. 1–2, ECF No. 1, *with* Compl. in Case No. 23-CV-0831 at 1–2 (concerning defendants); *compare* ECF

---

[1] All citations to materials filed in federal actions use the pagination provided by the federal courts' CM/ECF filing system.

[2] This state-court docket is not attached to any documents in this action, but because the docket is a public state-court record, the Court may take judicial notice of it. *See, e.g.*, *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)).

No. 1-1 at 1–4 *with* Compl. in Case No. 23-CV-0831 at 6–10 (concerning substantive arguments).[3]

Lenear did not pay this action's filing fee; instead, he submitted the IFP Application. The federal statutory provisions governing IFP proceedings—including 28 U.S.C. § 1915(e)—thus apply here. In *Aziz v. Burrows*, the U.S. Court of Appeals for the Eighth Circuit stated that under § 1915(e), a district court may "dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party." 976 F.2d 1158, 1158 (8th Cir. 1992) (citing cases); *see also, e.g., Powells v. Minnehaha Cnty. Sheriff Dep't*, 198 F.3d 711, 713 (8th Cir. 1999) (citing *Aziz*, 975 F.2d at 1158–59). This rule controls here, so the Court will dismiss this action as duplicative under § 1915(e). Given this decision, the Court also denies as moot both the Motion to Dismiss and the IFP Application.

This leaves one last issue: Lenear's recent litigation conduct. The Court acknowledges that pro se litigants like Lenear have as much a constitutional right of access to the courts as other litigants have. But that right does not require a federal court to simply ignore the filing of frivolous, malicious, or duplicative lawsuits. *See, e.g., In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988). On the contrary, a court "has

---

[3] The four pages here concerning Lenear's substantive claims are almost exactly identical, though the Complaint in Case No. 23-CV-0831 also has a fifth page that Lenear apparently neglected to file in this action.

authority to control and manage matters pending before it," and "may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process." *Id.* at 1293 (quoting *People v. Carter*, 678 F. Supp. 1484, 1486 (D. Colo. 1986)).  Filing six duplicative suits (on the same day, no less) is inexcusable; this District's courts need not and will not tolerate it.  If Lenear continues with this conduct, a court in this District will likely restrict Lenear from bringing any new litigation in this District while unrepresented by counsel, unless he gets prior permission from a judicial officer in this District.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e) as duplicative.

2. Plaintiff Eddie Lenear's "Motion to Dismiss (Rule to Show Cause)" [ECF No. 4] and Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 5] are **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 26, 2023

 s/Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court